IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ADRIAN GREEN,

Plaintiff,

v.

HYUNDAI POWER TRANSFORMERS USA, INC., NAMBUK CO., LTD., *et al.*,

Defendants.

CASE NO: 2:14-cv-00014-MEF-TFM
(WO--Do Not Publish)

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Adrian Green's ("Green") Motion to Remand (Doc. #7) filed on January 30, 2014. In his motion, Green claims that Defendant Nambuk Co. Ltd.'s ("Nambuk") removal of the case was untimely under 28 U.S.C. § 1446 (b) as it was removed a year after the filing of the original complaint. Having considered the motion, the arguments of counsel, and the applicable case law, the Court finds that Green's motion is due to be GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Green worked for Defendant Hyundai Power Transformers USA, Inc. ("Hyundai Power") as a drill press operator. On January 19, 2012, Green was replacing a drill bit when the drill press mistakenly activated. The complaint alleges that this unexpected activation caused Green injuries including the loss of his left thumb. The drill press was manufactured and marketed by Nambuk as well as Defendant NEWCO Co. ("NEWCO"), both of which are Korean companies.

On May 22, 2012, Green filed suit in the Circuit Court of Montgomery County, Alabama against Hyundai Power, Nambuk, and NEWCO. The suit alleges claims for workers' compensation against Hyundai Power as well as claims for product liability, negligence, and wantoness against Nambuk and NEWCO.

On May 25, 2012, Green sent a request for service of process to APS International, Ltd. ("APS"). APS is a Minneapolis based company that offers assistance in obtaining service of process upon foreign entities. On June 8, 2012, APS sent service requests for both Nambuk and NEWCO to the Korean Central Authority, the office designated to handle all service requests made in accordance with the Hague Service Convention. On August 21, 2012, Korean authorities responded with a Certificate of Non-Service for NEWCO. On December 14, 2012, APS followed up with a letter of inquiry to the Korean Central Authority regarding the status of its service request on Nambuk. On January 7, 2013, Korean authorities responded to APS with a Certificate of Non-Service for Nambuk.

On February 27, 2013, Green sent APS a second request for service on NEWCO and Nambuk. On March 5, 2013, APS again sent the service of process documents to the Korean Central Authority, and on June 12, 2013, the Korean Authority again notified APS that service could not be completed on NEWCO. The same notification for Nambuk followed on August 8, 2013.

On July 29, 2013, Green requested APS conduct a basic investigation into the proper addresses for NEWCO and Nambuk. When the search came back inconclusive for NEWCO, Green requested that APS do an advanced search carried out by an overseas investigator.

On October 4, 2013, Green requested from APS a third service attempt on Nambuk. This time the attempt at service was successful using the new address for Nambuk found in the investigation. Service was made on Nambuk on December 6, 2013, and APS received a certificate of service from Korean authorities on February 17, 2014.

On November 4, 2013, Hyundai Power was dismissed from the case after it reached a settlement in state court on Green's workers' compensation claim. On January 3, 2014, Nambuk removed the case from state to federal court on the basis of diversity jurisdiction. On January 30, 2014, Green filed a motion to remand on the basis that Nambuk's removal was untimely because one year had passed since the commencement of the action. In response, Nambuk claims that the one year bar set out in 18 U.S.C. § 1446(c) should not apply because Green acted in bad faith by not making bona fide efforts to serve Nambuk. The Court addresses the parties' arguments below.

## II. STANDARD OF REVIEW

Typically, a defendant can remove a civil action from state to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction exists for federal courts when parties are of diverse citizenship and "the matter in controversy exceeds the sum value of $75,000, exclusive interest and costs." 28 U.S.C. § 1332(a). The defendant bears the burden of showing that a federal district court has original jurisdiction over the subject matter of an action. *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1150 (M.D. Ala. 2013) (citing *Diaz v. Sheppard*, 85 F. 3d 1502, 1505 (11th Cir. 1996)).

## III. DISCUSSION

Section 1446 allows a defendant to remove a civil action initially not removable from state to federal court if a notice of removal is filed within 30 days of the defendant receiving documentation indicating the case has become removable. 28 U.S.C. § 1446(b)(3). However, this provision is limited by 28 U.S.C. § 1446(c)(1), which states that:

> a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Both parties concede that Nambuk's notice of removal was filed within thirty days of it receiving service showing that the parties were diverse and the amount in controversy exceeded $75,000.[1] There is also no dispute that Nambuk's removal occurred over a year after Green filed his complaint in state court, which is the date of commencement for purposes of § 1446(c)(1).[2] As such, the issue before the Court is whether Green's efforts to

---

[1] The case was not removable initially because (1) the complaint included a claim against Hyundai Power, an Alabama resident for purposes of diversity, thereby making the parties non-diverse, and (2) the complaint included a worker's compensation claim, *see* 28 U.S.C. § 1447(c) (actions arising under state workmen's compensation laws are not removable).

[2] Determining when an action is commenced is a question of state law. *See Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1363 (N.D. Ala. 1997). In Alabama, an action is commenced when the complaint is filed with the court. *Greer v. Skilcraft*, 704 F. Supp. 1570, 1583 (N.D. Ala. 1989). Indeed, Rule 3 of the Alabama Rules of Civil Procedure states that " a civil action is commenced by filing a complaint with the court." Ala. R. Civ. P. 3(a). The Court notes that the Northern District of Alabama, in an en banc decision, carved out an equitable exception to Alabama's commencement rule in the context of 1446(b). *See Greer v. Skilcraft*, 704 F. Supp. 1570, 1583 (N.D. Ala. 1989). Under *Greer*, "[t]he one-year period does not begin to run until the complaint has been filed and there has been a *bona fide* effort to have it served." *Id*. This rule is intended to keep a plaintiff from preventing removal through "manipulation and inaction." *Id.* Because the Court finds Green did not exercise bad faith in failing to serve Nambuk in order to

serve Nambuk during this period were made in bad faith.

Since Congress's adoption of 1446(c)(1) in 2011, few cases have analyzed what constitutes bad faith and the Court has found no cases with facts similar to those presented in this case. *See Cameron v. Teeberry Logistics, LLC.*, 920 F. Supp. 2d 1309, 1316 (N.D. Ga. 2013). However, despite the lack of authority, the Court holds that there is no evidence that Green acted in bad faith to prevent the removal of this action.

In this case, the evidence shows that Green's attempts to serve process on Nambuk and NEWCO were not made in bad faith. First, Green contracted with a service company to handle his international service of process. Second, he did so approximately three days after filing his complaint with the circuit court. A little over two weeks later, the documents were shipped to Korea. Third, in trying to serve Nambuk and NEWCO, Green used addresses found on the drill itself, in Dunn & Bradstreet reports, on invoices provided by Hyundai Power, and addresses from defendants' respective homepages found through Google searches. Fourth, when the first service of process attempts were unsuccessful, Green continued to try and serve Nambuk and NEWCO, even paying APS additional money to find the correct address for Nambuk and NEWCO through an overseas search. Lastly, Green spent thousands of dollars over the nearly two year period trying to complete service on the two international defendants. Nambuk has presented no evidence disputing Green's efforts and the Court sees no reason to question them. These actions were substantial,

prevent removal, the Court refuses to apply this exception and, thus, finds that the date of filing is the date of commencement.

diligent, and evidence of a thorough and good faith effort on behalf of Green to serve Nambuk and NEWCO and, thus, Green did not act in bad faith to prevent removal.

To support its position, Nambuk points to its Notice of Removal and supporting documents, which include a 300 page state court record. Nambuk claims that these documents somehow show that Green intentionally omitted the Korean defendants from "service of each and every filing with the Circuit Court." Additionally, Nambuk claims that these records show that court orders sent from the Montgomery County Circuit Court Clerk were returned for lack of sufficient postage and were never resent. The Court fails to understand how the alleged shortcomings of the court clerk evidence bad faith on the part of Green. Moreover, the Court finds that these documents do not evidence improper intent but show that Green made sufficient efforts to serve process on Nambuk and NEWCO.

What the Notice to Remove and state court record do show, however, is that substantial work has been done on this case in state court. The one year limit on removal was put in place to ensure that such work would not be done in vain and to ensure the judicial process runs as efficiently as possible. *See Barnett*, 973 F. Supp. at 1362 ("Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court." (quoting H.R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032–33)). Without a showing of bad faith on the part of Green, the work in state court on this case should not be discarded or repeated in federal court. Given the evidence presented, this Court finds that Green did not act in bad faith in order to prevent

removal.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff Green's Motion to Remand (Doc. # 7) is GRANTED. The Clerk of Court is hereby DIRECTED to take the appropriate steps to effect the remand.

DONE this the 24th day of June, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE